PLEUS, J.
Ralph and Peggy Stimpson (“the Stimp-sons”) appeal an order granting final summary judgment on each of their claims against Ford Motor Company (“Ford”). The Stimpsons raise six issues on appeal, only one of which merits discussion. Specifically, the Stimpsons argued that the twelve-year statute of repose in products liability cases was tolled for any period in which Ford actively concealed the defect. We agree and reverse.
Mrs. Stimpson was seriously injured in October 2003 when her 1991 Ford Aeros-tar van unexpectedly accelerated and struck a pole. The Stimpsons sued Ford for an alleged defect in the van which caused the acceleration. However, the trial court ruled that the Stimpsons’ claims were barred by Florida’s products liability statute of repose, which provides that any claim arising out of a product defect cannot be brought more than twelve years after the date of the first sale to a consumer. § 95.031(2)(b), Fla. Stat. (2003).
The Stimpsons argued that if Ford actively concealed a known defect in the vehicle, the twelve-year repose period would not run during any period of concealment. The trial court found that the Stimpsons made a threshold showing of concealment, but held that their claims were barred because Mrs. Stimpson was not injured within the twelve-year statutory period. Based on our reading of the controlling statute, this ruling was incorrect.
At issue in this case is a tolling provision within Florida’s products liability statute of repose. Section 95.031(2)(d) provides:
The repose period described within paragraph (b) is tolled for any period during which the manufacturer through its officers, directors, partners, or managing agents had actual knowledge that the product was defective in the manner alleged by the claimant and took affirmative steps to conceal the defect. Any claim of concealment under this section shall be made with specificity and must be based upon substantial factual and legal support.
(Emphasis added). “ ‘Tolling’ refers to suspending or stopping the running of a *1121 statute of limitations; it is analogous to a clock stopping and then restarting.” 35 Fla. Jur. 2d Limitations and Laches § 87 (2008) (emphasis added). See also Black’s Law Dictionary 1495 (7th ed. 1999) (defining “toll, vb. ... 2. (Of a time period, esp. a statutory one) to stop the running of; to abate <toll the limitations period>”).
The plain meaning of this statutory language is that the statutory clock is tolled for concealment — it stops during any period of active concealment by a manufacturer. The statute provides that the “[twelve year] repose period ... is tolled [, or stopped,] for any period during which the manufacturer ... had actual knowledge that the product was defective ... and took affirmative steps to conceal the defect.” § 95.031(2)(d), Fla. Stat. (2003). If the Stimpsons can prove that Ford had knowledge of the defect causing sudden acceleration and actively concealed that defect, any time period of concealment does not count toward the twelve-year statutory period. In other words, although the Stimpsons’ claims were brought more than twelve years after the initial, qualifying sale of the vehicle, their action may be timely if they can show that the twelve-year statutory clock did not run because of active concealment by Ford. At the summary judgment hearing, the Stimpsons offered evidence, which if believed by a jury, could establish, or at least infer, concealment of the defect by Ford. The Stimpsons should have been given the opportunity to prove concealment by Ford and to demonstrate that their claims were not barred by the statute of repose.
The trial court improperly granted summary judgment on the ruling that Mrs. Stimpson had to be injured within twelve years of the initial consumer sale. Section 95.031(2)(d) provides that the statutory clock is tolled for any time during which Ford actively concealed a defect. If the Stimpsons can prove active concealment of a known defect by Ford, such periods of time should be credited against the twelve-year statutory period and may make the Stimpsons’ action timely. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ORFINGER and EVANDER, JJ., concur.